UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAMMER HAAG STEEL, INC.,

    Plaintiff,

v.                                                                         Case No: 8:17-cv-510-T-23JSS

PEDDINGHAUS CORPORATION,

    Defendant.
_____/

**ORDER ON DEFENDANT'S RENEWED
MOTION TO IMMEDIATELY STAY DISCOVERY**

THIS MATTER is before the Court on Defendant's Renewed Motion to Immediately Stay Discovery ("Motion") (Dkt. 24), and Plaintiff's response in opposition (Dkt. 29). Defendant requests that the Court stay discovery until the Court rules on Defendant's motion to dismiss (Dkt. 23). For the reasons that follow, the Motion is denied.

**BACKGROUND**

Plaintiff purchased a steel cutting machine from Defendant called the "Ring of Fire." (Dkt. 21 ¶¶ 4–6, 9–16.) Plaintiff alleges that the Ring of Fire did not perform as Defendant advertised it would. (*Id.* ¶¶ 17–24.) Therefore, Plaintiff withheld the final $100,000 of its purchase price from Defendant. (*Id.* ¶ 18.) Defendant sued Plaintiff in an Illinois state court in December 2015 to recover the $100,000 balance. (*Id.* ¶ 29.)

Here, Plaintiff sues Defendant for Defendant's alleged deceptive misrepresentations of the Ring of Fire's characteristics and qualities as well as the terms and conditions of Defendant's sale of the Ring of Fire, specifically its mandatory arbitration provision. (*Id.* ¶¶ 34–41.) Further, Plaintiff seeks declaratory judgment regarding its right to withhold the $100,000 from Defendant. (*Id.* ¶¶ 42–44.) Finally, Plaintiff seeks an order of rescission of the Ring of Fire purchase contract

based on Defendant's alleged misrepresentation and fraud regarding the mandatory arbitration provision. (*Id.* ¶¶ 45–53.)

In its pending motion to dismiss, Defendant argues that Plaintiff's theory regarding mandatory arbitration was "comprehensively litigated and adjudicated" by the Illinois state court. (Dkt. 23 ¶ 13.) Further, Plaintiff's claim of deceptive and unfair trade practices "mimics the theory [Plaintiff] raised as a defense in the Illinois litigation," Defendant argues. (*Id.* ¶ 14.) Defendant acknowledges that Plaintiff brings two new causes of action in its amended complaint, but urges the Court to abstain from exercising jurisdiction over this case based on the *Colorado River* doctrine, which empowers federal courts to abstain from exercising jurisdiction, under certain circumstances, in light of duplicative state court actions. (*Id.*) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)).

**ANALYSIS**

In the Motion, Defendant seeks a stay of discovery based on its argument that the Court should abstain from exercising its jurisdiction over this case pursuant to the *Colorado River* doctrine. (Dkt. 24.) In response, Plaintiff argues that abstention under the *Colorado River* doctrine is unwarranted because Plaintiff's claims in this case are "not pending in any other forum and are not mandatory counterclaims in the Illinois state court lawsuit." (Dkt. 29 at 6.)

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). However, motions to stay discovery are not favored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and

problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted); *see also* Middle District Discovery (2015) §I(E)(4) (stating that motions for stay are rarely granted unless unusual circumstances justify such a result based on a "specific showing of prejudice or undue burden").

A stay of discovery may be warranted when a pending dispositive motion will dispose of the entire case and thereby eliminate the need for discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Dispositive motions presenting pure legal questions may appropriately be resolved before discovery begins, but motions that turn on findings of fact "may require some limited discovery before a meaningful ruling can be made." *Id.* at 1367; *see In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007) (explaining that *Chudasama* and its progeny "do not establish a broad general rule that discovery should not proceed while a motion to dismiss is pending," but "stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount").

Accordingly, in deciding whether to stay discovery pending the resolution of a dispositive motion, the Court must take a "preliminary peek" at the motion to determine whether it appears clearly meritorious and case-dispositive. *McCabe*, 233 F.R.D. at 685 (citing *Feldman*, 176 F.R.D. at 652–53). The Court must then balance the harm produced by a delay in discovery against the possibility that the motion will be granted and, therefore, eliminate the need for discovery. *Id.*

Having taken a "preliminary peek" at Defendant's motion to dismiss (Dkt. 23), the Court is not convinced that there is an immediate and clear possibility that the motion will be granted. Although the Court recognizes the interest in avoiding potentially unnecessary and costly discovery, this case does not present an appropriate opportunity to do so. While Plaintiff's claim

for declaratory judgment regarding whether it is entitled to withhold the final $100,000 due to Defendant under the purchase contract for the Ring of Fire seems intertwined with the resolution of Defendant's claim for breach of contract in the Illinois state court, Plaintiff also brings separate causes of action for deceptive and unfair trade practices and for recession of the purchase contract based on Defendant's alleged misrepresentations regarding the Ring of Fire's characteristics and terms of purchase. Accordingly, Defendant is unable to meet its burden of showing good cause. Defendant has also failed to show any specific prejudice or undue burden that would result from allowing discovery; instead, Defendant argues that a stay of discovery would not prejudice Plaintiff. (Dkt. 24-1 ¶ 5.) And, as Plaintiff argues, discovery is already underway because Defendant has responded to Plaintiff's discovery requests and produced documents. (Dkt. 29 at 1, 7.)

Accordingly, it is **ORDERED** that Defendant's Renewed Motion to Immediately Stay Discovery (Dkt. 24) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on June 23, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record