UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAMMER HAAG STEEL, INC.,

    Plaintiff,

v.                                                                                   Case No: 8:17-cv-510-T-23JSS

PEDDINGHAUS CORPORATION,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Attendance at Mediation ("Motion") (Dkt. 47), and Defendant's response in opposition (Dkt. 49). The parties have scheduled a mediation to take place before a private mediator on December 1, 2017. Defendant's corporate representative at the mediation will be David Zeglis, who is Defendant's General Counsel and Senior Vice President and a member of Defendant's Board of Directors. (Dkt. 49-1 ¶¶ 1–2.) Mr. Zeglis represents Defendant in this action as pro hac vice counsel (Dkt. 37), and in a lawsuit between the parties in Illinois state court. In the Motion, Plaintiff requests that the Court compel Defendant to have in attendance at the mediation any corporate representative other than Mr. Zeglis, arguing that Mr. Zeglis "has singlehandedly escalated this matter by, among other things, rejecting multiple prior settlement efforts out of hand without counter." (Dkt. 47 at 2.)

The Middle District of Florida Local Rule governing mediation requires that "all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.)" be present at the mediation "with full authority to negotiate a settlement." M.D. Fla. Local R. 9.05(c). Defendant's Board of Directors has authorized Mr. Zeglis to attend the mediation with

full settlement authority. (Dkt. 49-1 ¶ 4.) Accordingly, because Defendant has authorized Mr. Zeglis, its corporate officer, with full settlement authority, Defendant is compliant with the Local Rule. Plaintiff's suggestion that Mr. Zeglis will not negotiate in good faith is not a basis to require a different corporate representative to attend. Also, Plaintiff has cited no authority, and the Court has not located any, indicating that Mr. Zeglis's dual role as Defendant's counsel prohibits him from acting as Defendant's corporate representative. Accordingly, Plaintiff's Motion to Compel Attendance at Mediation (Dkt. 47) is **DENIED**. Nevertheless, all parties are directed to participate in the mediation in good faith.

**DONE** and **ORDERED** in Tampa, Florida, on November 17, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record